UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MICHAEL ADAMS**, individually,

              **Plaintiff,**

v.

**4SK-596 9TH, LLC d/b/a PINKBERRY**,
a New York for profit business entity, and
**42/9 RESIDENTIAL, LLC,** a New York
for profit business entity,

              **Defendants.**
_____

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, MICHAEL ADAMS, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants 4SK-596 9TH, LLC d/b/a PINKBERRY and 42/9 RESIDENTIAL, LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I.     General Allegations Establishing Jurisdiction**

1.    Plaintiff MICHAEL ADAMS is an individual with a disability as defined by the ADA.

2.    Plaintiff MICHAEL ADAMS is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3.  Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since enactment of the ADA.

4.  This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5.  The property at issue is located in New York County, New York at 359 West 45th Street (hereinafter "Property"). Defendant 42/9 RESIDENTIAL, LLC is the documented owner of the Property.

6.  The Property is being operated as a commercial establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant 4SK-596 9TH, LLC d/b/a PINKBERRY (hereinafter "PINKBERRY"), who is a tenant on Defendant 42/9 RESIDENTIAL, LLC's Property. PINKBERRY is national retail chain with locations throughout the United States.

7.  Venue properly lies in the Southern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

**II.    Plaintiff ADAMS**

8.  Plaintiff ADAMS is permanently disabled and confined to a wheelchair. He suffers from cerebral palsy – a permanent neurological disorder affecting his muscle tone, his muscular movements, and his motor skills – termed a congenital disorder. Cerebral palsy is caused by abnormal brain development or damage to the developing brain that causes an inability

to control one's muscles and muscular movements. There is no known cure for this motor disability.

9. Plaintiff ADAMS resides in Brooklyn, New York although he spends significant periods of time in New York City as his girlfriend resides there. He is the proud father of a blossoming chess—champion son, who principally resides nearby in the boroughs with his mother.

10. Plaintiff ADAMS is the only member of his immediate family to have cerebral palsy. Thus, he also has the benefit of receiving assistance from his family, all of whom able able-bodied individuals.

11. As a young thirty-three (33) year old single man, Plaintiff ADAMS often goes out with his friends to socialize and meet new and interesting people.

12. He commutes principally using Access-a-Ride (ID# 967360) although he also makes use of the MTA/New York City Transit Bus System and subway when convenient and available.

13. When Plaintiff ADAMS was visiting PINKBERRY he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at __ equal to those afforded to other individuals.

**III.   ADA Prohibits Barriers Impeding Access By Disabled Individuals**

14. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that property owners as well as operators of "commercial establishments" are jointly responsible complying with these federal Accessibility Standards.

16. Defendants have and are continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since enactment of the ADA.

17. As a result of Defendants ongoing non-compliance, Plaintiff ADAMS is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV.     **PINKBERRY**

18. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

19. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

20. A preliminary inspection of PINKBERRY reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

a. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

b. non-compliant door knob at restroom door requires twisting of the wrist;

c. inaccessible door lock at restroom door as height of restroom door lock exceeds maximum height allowance;

d. inaccessible water closet in restroom as required minimum clear floor space not provided at water closet;

e. non-compliant grab bar at rear wall of water closet does not meet minimum length requirement;

f. inaccessible lavatory and soap dispenser in restroom as heights exceed maximum height allowance;

g. insulation of pipes under lavatory not provided as required;

h. inaccessible entrance as step at entrance acts as a barrier to accessibility without required ramp not provided for step at entrance;

i. required minimum maneuvering clearance not provided at entrance door;

j. at least one accessible route to establishment not provided as required as no required means of egress;

k. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

21. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public

accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

22. Plaintiff plans on returning to PINKBERRY to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: DECLARATORY JUDGMENT**

24. When Plaintiff ADAMS visited PINKBERRY he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 20.

25. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

26. Defendants denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

27. As a result of Defendants continuously violating of Title III of the ADA Plaintiff ADAMS has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and

equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendants have effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST PINKBERRY

30. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

31. PINKBERRY is being operated as a place of public accommodation in violation of ADA.

32. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 20 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

33. Defendant continues to discriminate against Plaintiff and those similarly situated by operating PINKBERRY and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

34. Modifications in Defendant PINKBERRY's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

35. Said modifications are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

36. Plaintiff is suffering true and actual harm by Defendant PINKBERRY operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

38. Plaintiff is without any adequate remedy and law.

39. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

40. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring

Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST 42/9 RESIDENTIAL, LLC

41. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

42. Defendant 42/9 RESIDENTIAL, LLC is the documented owner of the Property on which Defendant PINKBERRY is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

43. Individuals confined to wheelchairs, including Plaintiff ADAMS have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

44. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

45. The structural impediments set forth in paragraph 20 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

46. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

48. Plaintiff is without any adequate remedy and law.

49. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

50. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and

usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    d.    Injunctive relief against Defendant;

    e.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    f.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on May 9, 2016.

    **By: /s/ Tara Demetriades**
    Tara Demetriades, Esq.
    Managing Partner ADA Accessibility Associates
    New York Bar No. 4185666
    E: TDemetriades@Aol.com
    T: (516) 595-5009

    **ADA Accessibility Associates**
    1076 Wolver Hollow Road
    Oyster Bay, New York 11771